```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ONE WEST BANK, FSB, <br><br>　　　　　　　　　　　　Plaintiff, <br><br>　　　- versus - <br><br> RAYMOND LYNCH, NEW YORK CITY PARKING VIOLATIONS BUREAU, and "JOHN DOE No. 1" through "JOHN DOE No. 10" <br><br>　　　　　　　　　　　　Defendants. | MEMORANDUM <u>AND ORDER</u> <br> 14-CV-158 (JG) |

APPEARANCES:

    WINDELS MARX LANE & MITTENDORF, LLP
        156 West 56th Street
        New York, NY 10019
    By:    Priya Swaminathan
        *Attorneys for Plaintiff*

    REID RODRIGUEZ & ROUSE, LLP
        1120 Avenue of the Americas, 4th floor
        New York, NY 10036
    By:    Gregory Reid
        *Attorneys for Defendant Raymond Lynch*

JOHN GLEESON, United States District Judge:

        On January 9, 2014, plaintiff OneWest Bank, FSB (the "Bank") filed this foreclosure action alleging, among other things, that defendant Raymond Lynch defaulted on a mortgage taken out with the Bank for a property located at 159-31 Rockaway Boulevard, Jamaica, New York, 11434. The Bank filed this summary judgment motion on September 5, 2014, and I heard oral argument on October 23, 2014. For the reasons below, the motion for summary judgment is granted.

BACKGROUND

Unless otherwise noted, the facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to Lynch, the nonmoving party. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).

On July 12, 2007, Raymond Lynch executed a note (the "Note") evidencing a loan in the amount of $298,000 and providing for monthly payments of principal and interest. Pl. Rule 56 Stmt. ¶ 6; Lara Aff. ¶ 3, Ex. A (the "Note"). On the same day, Lynch also executed and delivered a mortgage (the "Mortgage") to IndyMac Bank, F.S.B. ("IndyMac") securing payment of the obligations set forth in the note by mortgaging a property located at 159-31 Rockaway Boulevard, Jamaica, New York, 11434 (the "Property"). Pl. Rule 56 Stmt. ¶ 7; Lara Aff. ¶ 3, Ex. B. IndyMac assigned the Mortgage to OneWest Bank, FSB ("One West" or the "Bank")[1] on November 18, 2013. Pl. Rule 56 Stmt. ¶ 9; Lara Aff. ¶ 4, Ex. C (the "Assignment"). Lynch denies that he ever executed or delivered the Note or Mortgage to IndyMac, but Lynch admits other portions of plaintiff's Rule 56 Statement that reference the Note and Mortgage, and does not deny that he signed the documents. *See* Def. Response to Pl. 56 Stmt. ("Def. Response") ¶¶ 6-9.

Lynch failed to make required payments on the Note starting May 1, 2013. Pl. Rule 56 Stmt. ¶ 11. The Bank sent him a 30-day default notice on August 13, 2013, which was mailed to the Property. Also on August 13, 2013, the Bank mailed to Lynch, again at the Property, a 90-day pre-foreclosure notice. *Id.* ¶¶ 12-13; Lara Aff. Exs. D-E. The Bank says it timely filed the 90-day pre-foreclosure notice with the New York State Department of Financial Services, as required by New York Real Property Actions and Proceedings Law ("RPAPL")

---

[1] On Feb. 20, 2014, the Bank's name changed from OneWest Bank, FSB, to OneWest Bank, N.A., but it remains the same legal entity and there has been no change in the Bank's ownership. Swaminathan Aff. ¶ 8, Ex. P.

Section 1306, but Lynch denies that it was filed. *Id*. ¶ 14; Def. Response ¶ 14. The Lara Affidavit does not mention the Notice under RPAPL Section 1306 and does not cite to an Exhibit F, but there is an Exhibit F attached to the Lara Affidavit that contains such a document. *See* Lara Aff., Ex. F "Proof of Filing Statement." The Bank now seeks to foreclose on the Property. Pl. Rule 56 Stmt. ¶ 16.

Plaintiff served Lynch with a copy of the pleadings by leaving them at the Property with Barbara Mauney. Plaintiff also mailed a copy of the Pleadings to the Property. Swaminathan Aff. ¶ 17. Lynch does not contest that plaintiff left a copy of the pleadings with Mauney or that plaintiff mailed the pleadings to the Property, but he argues that Mauney was not "a suitable person" to be served, and at the time of service, Lynch did not reside at the Property. *See* Lynch Aff. ¶¶ 8-9; Def. Response ¶ 21. Lynch says that since 2009, he has resided at 166-17 144th Drive, Jamaica, New York, which is the home of his now-deceased mother. Lynch Aff. ¶ 10. Lynch says Mauney has never been his co-tenant at his mother's house, but does not deny that Mauney was a co-tenant of the Property. *See id*. ¶ 9.

Lynch additionally argues that plaintiff's predecessor in interest and original lender, Somerset Mortgage, knew or should have known of fraud underlying the Mortgage. Def. Response ¶ 24. Lynch submits that he executed a mortgage note with Accredited Home Lenders, Inc., on October 11, 2006, securing a loan of $234,500 and encumbering the Property (the "AHL Mortgage"). Lynch Aff. ¶ 3. Lynch says that at the time of the AHL Mortgage, he had two other mortgages on the Property from Wells Fargo (the "Wells Fargo Mortgages"), and he is "at a loss as to how AHL Mortgage took a mortgage to secure $234,500.00 to pay off two Wells Fargo mortgages totaling of $116,000.00." *Id*. ¶ 5. As such, Lynch believes he is a victim of mortgage fraud in connection with the earlier AHL Mortgage. *Id*. ¶ 6.

The Bank argues that it should be granted summary judgment because it has the right to foreclose on Lynch's mortgage, as Lynch has defaulted on his payment obligations. *See* Pl. Br. 2. Lynch asserts various defenses to the Bank's arguments: (1) the action is untimely; (2) the service of process on him was deficient; (3) plaintiff has failed to comply with New York law governing foreclosures; and (4) the Mortgage is void for underlying fraud. *See* Def. Br. 3-9.

In addition to moving for summary judgment, the Bank also requests an order: (1) striking Lynch's Answer; (2) amending the complaint and caption to substitute Barbara Mauney as "John Doe No. 1"; (3) requesting default judgment against Mauney and defendant New York City Parking Violations Bureau ("PVB"); (4) discontinuing the action against defendants John Doe 2 through John Doe 10; and (5) appointing a special master to compute the amount due to plaintiff under the Mortgage. *See* Pl. Br. 3.

DISCUSSION

A.  *Legal Standard for Summary Judgment*

A court may grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "In deciding whether there is a genuine issue of material fact as to an element essential to a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson v. Pataki,* 278 F.3d 93, 101 (2d Cir. 2002) (citation omitted).

On the other hand, in order "[t]o survive summary judgment . . . the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"

*Reiseck v. Universal Commc'ns of Miami,* No. 06-cv-777 (TPG), 2012 WL 3642375, *2 (S.D.N.Y. Aug. 23, 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 11 (1986)). However, "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact [,]" *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted), and the "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Anderson,* 477 U.S. at 252. Summary judgment is appropriate if the evidence produced would not allow a reasonable juror to find in favor of the nonmoving party. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003).

    B.    *The Bank's Prima Facie Case for Foreclosure*

"Under New York law, summary judgment on a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc.*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001) (citations omitted). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor." *Id.* at 465-66 (citation omitted).

The Bank has established its prima facie case for disclosure. First, the Bank has produced the Note and Mortgage. *See* Lara Aff. ¶ 3, Exs. A – B. Next, the Bank has submitted unrefuted evidence of Lynch's failure to make payments under the Mortgage. *See id*. ¶ 6. As there are no disputed material facts that question the existence of these elements, I will turn to Lynch's affirmative defenses.

C. *Lynch's Affirmative Defenses*

Once the mortgagee's prima facie case is established, the mortgagor must make an "affirmative showing" that a defense to the action exists. *Regency Sav. Bank*, 139 F. Supp. 2d at 465-66. The evidence must be submitted in an admissible form "sufficient to require a trial (of that defense) . . . . mere conclusions or unsubstantiated assertions are insufficient." *Resolution Trust Corp. v. J.I. Sopher & Co., Inc.*, No. 94-cv-7189 (DC), 1995 WL 489697, *2 (S.D.N.Y. Aug. 15, 1995) (citations omitted). With that standard in mind, I will consider the defenses that Lynch asserts.

1. *Delay in Filing Statement of Material Facts*

Lynch argues that the Bank's motion is untimely because it filed the Priya Swaminathan Affirmation and the Statement of Material Facts on September 8, 2014, when they were due on September 5, 2014. Def. Br. 3. As the Bank points out, Lynch fails to articulate any prejudice from this brief delay, and I can see none. *See, e.g.*, *Minitti v. Speiser, Krause, Nolan & Granito, P.C.*, No. 04-cv-7976 (DC), 2006 WL 3740847, *11 (S.D.N.Y. Dec. 19, 2006) (refusing to deny motion on the grounds of an untimely filing where there was no showing of prejudice).

2. *Service of Process*

Lynch argues that service was ineffective because when the Bank delivered the Summons and Complaint to the Property, Lynch did not reside at the Property, but instead resided at his mother's home. Def. Br. 3. The Bank argues that Lynch was properly served under Federal Rule of Civil Procedure ("FRCP") 4(e)(2)(B) and New York Civil Procedure Law and Rules ("CPLR") Section 308. Pl. Br. 6. Pursuant to CPLR Section 308(2), a person may be served by delivering a Summons and Complaint to "a person of suitable age and discretion at the

6

actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence . . . ." The Bank provides an Affidavit of Service showing that the process server left a copy of the Summons, Complaint, Certificate of Merit, and RPAPL Section 1303 Notice with Mauney, and also mailed a copy of the papers to the Property. Swaminathan Reply Aff. ¶ 4, Ex. B.

Whether Mauney was a co-tenant of Lynch's at the Property or at another address is immaterial for purposes of CPLR Section 308. Lynch does not dispute that he owned the Property on the date of service, and he does not deny that he could be reached at the Property during the relevant time. The Bank puts forward substantial evidence from which it could conclude that Lynch resided at the Property, including Lynch's receipt of the foreclosure notices addressed to the Property and several pieces of correspondence from Lynch listing the Property as his return address, as well as proof that Lynch had actual notice of the service. *See* Pl. Reply Br. 4-5. Under New York law, that is sufficient to conclude that service of process was not ineffective. *See Cohen v. Levy*, 377 N.Y.S.2d 754, 756 (3d Dep't 1975) (no defect in service of process in foreclosure case where there is "ample evidence" on record from which court "could have properly concluded that defendant resided at the address where service was effected, [and] that service was made upon a person of suitable age and discretion").

   3.  *Administrative Order 431-11*

Lynch argues that the Bank failed to comply with New York Administrative Order ("AO") 431-11, which requires that an attorney submit an affirmation confirming the accuracy of the court filings and notarizations. Def. Br. 4; Reid Aff. Ex. 1, AO 431-11 (March 2, 2011). However, the Bank points out that AO 208-13 supersedes AO 431-11. Pl. Reply 7. Indeed, as this foreclosure action was commenced in 2014, AO 431-11 does not apply. *See* AO

7

208-13 (Aug. 1, 2013) ("[T]he provisions of AO/431/11 shall not apply to residential mortgage foreclosure actions commenced on or after August 30, 2013 . . . .").

Moreover, CPLR Section 3012-b, passed just after AO 208-13, requires that a certificate of merit be filed in residential foreclosure actions where the defendant is the resident of the subject property. CPLR 3012-b is the controlling rule for certificates of merit in foreclosure cases, and it supersedes AO 208-13 to the extent AO 208-13 purported to control actions brought before August 30, 2013. *Bank of New York Mellon v. Izmirligil*, 980 N.Y.S.2d 733, 745 (Sup. Ct. Suffolk Cnty. 2014) (declaring procedures in AO 208-13 "clearly at odds" with CPLR 3012-b). *See also* David D. Siegel, *N.Y. Practice* § 205 (5th ed.) (citing *Bank of New York*, 980 N.Y.S. 2d 733).

Therefore, the relevant question is whether the Bank complied with CPLR Section 3012-b. CPLR Section 3012-b(a) sets forth the requirements for a certificate of merit and says that it must be:

> signed by the attorney for the plaintiff, certifying that the attorney has reviewed the facts of the case and that, based on consultation with representatives of the plaintiff identified in the certificate and the attorney's review of pertinent documents, . . . to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents.

If the certificate does not attach the Summons and Complaint, it must contain a copy of the mortgage, note, assignment, and other any modification or extension of those documents. *See* CPLR § 3102-b(a). Here, the Bank submitted a Certificate of Merit that attached copies of the Mortgage, Note, and Assignment. *See* Swaminathan Aff. ¶ 14 and Ex. D. The Certificate of Merit appears to comply in all respects with the requirements of CPLR Section 3102-b, and

Lynch has not argued otherwise. For the reasons explained above, compliance with AO 431-11 is not a valid defense to summary judgment.[2]

 4. *Real Property Actions and Proceedings Law Section 1306*

Lynch next argues that the Bank failed to comply with RPAPL Section 1306. Def. Br. 4-5. RPAPL Section 1306 requires a lender or assignee to file certain information about the borrower and the mortgage with the Superintendent of Financial Services so the superintendent may assess whether the borrower can benefit from counseling or other foreclosure prevention services. The filing must be made within three business days of filing the foreclosure notice pursuant to RPAPL Section 1304. *See* RPAPL 1306(1). Failure to comply with Section 1306 is a valid defense to a summary judgment motion. *See TD Bank, N.A v. Oz Leroy*, --- N.Y.S.2d ---, 2014 WL 5285509, *3 (3d Dep't Oct. 16, 2014) (affirming summary judgment for defendant because of plaintiff's failure to comply with Section 1306). However, the Bank points out that it attached the required documentation to its papers showing its compliance with this statute.

As explained above, the Bank cites to the notice for RPAPL Section 1306, see Pl. Rule 56 Stmt. ¶ 14, but does not mention Exhibit F in the Lara Affidavit. However, there is an Exhibit F attached to the Lara Affidavit that contains such a document. *See* Lara Aff., Ex. F "Proof of Filing Statement." In its reply papers, the Bank clarifies that it sent the notice pursuant to Sections 1304 on August 13, 2013, and timely filed the notice for purposes of Section 1306 on August 16, 2013. *See* Lara Aff. ¶ 11, Ex. E; Hodge Aff. ¶ 11, Ex. F. Since the Bank has produced evidence showing it complied with RPAPL, this too is not a valid defense to summary judgment.[3]

---

 [2] At oral argument on October 24, 2014, Lynch withdrew this argument.
 [3] Moreover, at oral argument on October 24, 2014, Lynch withdrew this argument.

5.  *Fraud*

Lynch argues that the Bank is not a bona fide encumbrancer of the Property because Somerset Mortgage, the original lender, should have been on notice of potential fraudulent conduct.  *See* Def. Br. 5.  Lynch alleges that when Somerset commissioned a title report in July 2007, the report contained no mention of the Wells Fargo Mortgages, but the New York City property records report, available through the Automated City Register Information System ("ACRIS"), did mention them.  *See id.*  As discussed above, Lynch believes he is a victim of mortgage fraud and is "at a loss as to how AHL Mortgage took a mortgage to secure $234,500.00 to pay off two Wells Fargo mortgages totaling of $116,000.00."  Lynch Aff. ¶¶ 5-6.

I agree with the Bank that Lynch's fraud claim fails to articulate a defense to summary judgment.  The Bank submits evidence that the two Wells Fargo Mortgages were paid in full by Lynch at the time of the AHL Mortgage.  *See* Pl. Reply Br. 8-9 (citing Swaminathan Reply Aff. Exs. G – H).  Lynch submits no evidence to refute this point.  In his attorney's affirmation, Lynch includes correspondence from the Bank and IndyMac, see Reid Aff. ¶¶ 3-8, Exs. 3-6, but he does not argue how this correspondence supports a claim for fraud.  To defeat a motion for summary judgment on the grounds of fraud, a borrower must come forward with an "affirmative showing" that includes "credible evidence."  *Greystone Bank v. Skyline Woods Realty*, *LLC*, 817 F. Supp. 2d 57, 62 (N.D.N.Y. 2011) (citation omitted).  Lynch's unsubstantiated allegations are insufficient to establish a defense to summary judgment based on fraud.  *See Resolution Trust*, 1995 WL 489697, at *2.

Because I find the fraud claim fails because it does not contain sufficient facts or evidence, I need not consider the Bank's claim that it is untimely.

For the reasons explained above, all of Lynch's defenses to summary judgment lack merit. Because the Bank has satisfied the prima facie elements of a foreclosure claim and Lynch has not put forward sufficient evidence to mount a defense to the foreclosure claim, the Bank's motion for summary judgment is granted.

D. *The Additional Motions*

Also before the Court are the Bank's requests for an order: (1) striking Lynch's Answer; (2) amending the complaint and caption to substitute Barbara Mauney as "John Doe No. 1"; (3) requesting the Clerk to issue a certificate of default against Mauney; (4) granting default judgment against Mauney and the PVB; (5) discontinuing the action against defendants John Doe 2 through John Doe 10; and (6) appointing a special master to compute the amount due to plaintiff under the Mortgage. Pl. Br. 3.

As the Bank's counsel acknowledged at oral argument, the motion to strike Lynch's answer is mooted by the foregoing ruling, so that action is denied as moot. The motion to discontinue the action against John Doe Nos. 2 through 10 is granted. The other motions all relate to the disposition of the Property and the rights of third parties who have an interest in that event. The parties consented at oral argument to have Chief Magistrate Judge Gold conduct all remaining proceedings in the case, including the entry of judgment, pursuant to 28 U.S.C. § 636(c).

CONCLUSION

For the reasons stated above, the Bank's motion for summary judgment is granted in part. Upon consent of the parties, the case is reassigned to Chief Magistrate Judge Gold for all other pending matters.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 28, 2014
       Brooklyn, New York